358 P.2d 991

Gerald Kay MERKLEY, a taxpayer, for himself and all others similarly situated, Plaintiff and Appellant,

v.

STATE TAX COMMISSION of Utah, Salt Lake County, a body politic and corporate, and Salt Lake City, a municipal corporation of the State of Utah, Defendants and Respondents.

No. 9393.

Supreme Court of Utah.

Jan. 31, 1961.

Clyde & Mecham, Richard L. Dewsnup, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., David E. West, Asst. Atty. Gen., Grover A. Giles, County Atty., Louis M. Haynie, Asst. County Atty., James L. Barker, City Atty., and Norman W. Kettner, Asst. City Atty., Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment declaring constitutional Chap. 114, Laws of Utah 1959.[1] Affirmed.

---

1. Title 11–9–1 to 11–9–10, Utah Code Annotated 1953 (1959 Pocket Supplement). Sec. 1 titles the act as "The Uniform Local Sales and Use Tax Law of Utah"; Sec. 2 declares its purpose is to provide counties and municipalities with funds to meet growing needs, the legislature intending such funds to be used so far as possible to finance capital outlays and to service their bonded indebtedness; Sec. 3 provides for sales and use tax levies by counties, cities and towns, the last two only after the county has initiated the tax; the first Sec. 4 in the act provides the tax shall be ½% upon retail sales, shall conform to the state sales tax act, for contract with the state tax commission to administer and operate its collection and distribution, and for an exemption if the tax has already been paid to another local taxing unit; the second Sec. 4 (being denominated Sec. 5 in the Pocket Supplement, Utah Code Annotated, 1953 because of the duplication through error) provides that for the local taxing units to maintain their sales and use tax ordinances, they must conform by ordinance with any amendment of the state sales and use taxes; Sec. 5 (Sec. 6 in the Supplement) provides for a county use tax similar to the first Sec. 4 relating to sales taxes; Sec. 6 (Sec. 7

The act was attacked in the lower court as being violative 1) of Art. VI, Sec. 29,[2] and 2) Art. XIII, Sec. 5[3] of the Utah Constitution; 3) that it improperly delegated legislative authority to a) counties over city affairs and to b) the tax commission; 4) that it unlawfully interferes with local governmental agencies; 5) that it violates Art. I, Sec. 24,[4] and 6) Art. VI, Sec. 26,[5] of the Utah Constitution; and 7) that it is either a) unreasonable, arbitrary and capricious, or b) too vague, indefinite and ambiguous to be enforceable.

■ As to points 1) and 2) above, a fair reading of the constitutional provisions and those of the act will make apparent that the latter violates neither. Rather than being an interference with local government, or an imposition of any tax for the purposes of such local government, it actually extends a privilege to and allows the local government, not the legislature, to impose the tax.

■ As to 3, (a) and (b): it is obvious from the act that no legislative authority over cities is granted to counties, nor is any such authority delegated to the tax commission. The legislation grants to counties the right to levy taxes for their own purposes, with a correlative power in the cities to do likewise. In both cases the act makes a concession to county and city that in fact is a privilege designed for the benefit of each. As to the tax commission, it is given no power over any county or city, but is burdened with a duty to collect the taxes *for* them, *if levied,* for an apparent modest fee. This conclusion is reflected by defendant, Salt Lake City's own earnest opposition to plaintiff's contentions, it having levied such tax and being content to let the tax commission collect it for the statutory fee. Furthermore, it must be most obvious to any reasonable

in the Supplement) provides for collection by the state tax commission for a fee of not more than 2½% of the amounts collected; Sec. 7 (Sec. 8 in the Supplement) provides for situs of sales where retailer has no fixed place of business, etc.; Sec. 8 (Sec. 9 in the Supplement) provides for a presumption that intrastate sales are consummated at the place of business of the retailer; Sec. 9 (which apparently was erroneously set out by the printers of the code as a footnote to Sec. 9 of the Supplement) provides inseparability of the act as to constitutionality; Sec. 10 (also Sec. 10 in the Supplement) provides for an effective date.

2. Prohibiting legislative delegation of power to deal with municipal affairs and property.

3. Prohibiting the legislature from imposing taxes for purposes of counties, cities, towns, municipalities, but giving power to vest such authority in the lesser governmental agencies, which see.

4. "All laws of a general nature shall have uniform operation."

5. "The Legislature is prohibited from enacting any private or special laws * * (8) assessing and collecting taxes. * * In all cases where a general law can be applicable, no special law shall be enacted."

person that to require the local governmental agencies each to collect its own tax, would be a duplication leading to a more expensive and quite impractical situation. This fact no doubt prompted the legislature to declare that if any section of the act be declared unconstitutional the whole thereof must fail.

As to 4): we consider that point without merit, for reasons stated generally hereinabove.

As to 5): the act has uniform operation since its provisions are subject to acceptance by any or all of the counties and by any or all cities within any or all the counties that take advantage of its provisions; and the same reasoning applies to point 6) supra.

As to 7): we see no merit in the particular contentions of plaintiff found in the brief.

No other constitutional objections are urged by plaintiff. As to any others that might be, if any, we are not called upon to discuss or decide.

We note that plaintiff Merkley "brings this action for and on behalf of himself and for and on behalf of all other taxpayers similarly situated." In his brief he "emphasizes that he would not object to paying the ½% sales tax if such tax were assessed and collected pursuant to proper legislation." This observation, together with the nature of the case and the wording of the statute, might suggest that this is not a "taxpayers" suit in the strict sense. If not, the real party in interest, and the real purpose of the litigation should have been shown in the complaint. We think that in cases possibly suggesting an undisclosed principal or purpose, inquiry should be had and correction made at the trial level.

WADE, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.